THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN W. FISKE, Respondent, Appellant, *v.* CHARLES C. SCHUM and FREDERICK BEHRMANN, as Inspectors of Election in the Sixth Election District of the Fourth Ward of the City of Mount Vernon, N. Y., and Others, Respondents, Impleaded with EDWARD F. BRUSH, Appellant, Respondent. (Two Proceedings.)

Second Department, January 16, 1918.

**Elections — soldier ballots — mandamus to correct return.**

Where a ballot was marked with the word " Fiske " and the inspectors failed to find the voter's intent to be for the relator Edwin W. Fiske and there was no protest in regard to said ballot, the court, on application for a writ of mandamus to correct the return, has no authority to count said vote for the relator.

A subsequent assertion that all the soldier ballots had been " protested " because of a certain challenge or objection, did not authorize an order for a recount and recanvass.

APPEAL by the relator, Edwin W. Fiske, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 26th day of December, 1917, and also an appeal by the defendant, Edward F. Brush, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 7th day of January, 1918.

In this district one ballot had in the space for mayor of Mount Vernon the name Fiske. In the canvass it was orally disputed whether it should be counted for the relator, but the inspectors finally returned it in a separate line, " Fiske 1," beneath the line giving the total tabulated vote for Edwin W. Fiske. On application for a mandamus to correct this return, so as to read for the relator, the inspectors were called and gave testimony, so that it appears that their final return of this separate vote had been assented to without protest. Mr. Justice TOMPKINS, therefore, ruled that he had not power on that application to direct that this ballot be added to the Fiske total vote. Thereupon, relator took a second proceeding before Mr. Justice PLATT (following the theory invoked in the third district of the third ward), and asserted that all the soldier ballots had been " protested," because of a challenge or objection taken by one T. E. Denton. The inspectors were reconvened before him, and opened the box, took out all ballots, marked all but one (which had been originally protested), and placed them in a sealed package of " void, protested and blank ballots," thus making a recanvass, which added the " Fiske " vote to the total for Edwin W. Fiske. The second proceedings, however, are not printed. This order of PLATT, J., was January 7, 1918, from which respondent Brush appeals to this court.

*George H. Taylor, Jr.* [*James H. Cavanaugh* with him on the brief], for the appellant.

*Arthur M. Johnson* [*Sydney A. Syme* and *Frank A. Bennett* with him on the brief], for the respondents.

PER CURIAM:

In the ballot marked with the word " Fiske " the inspectors might have found an intent to vote for the relator, but they did not so find, and instead, agreed on a separate return, which appeared to treat such vote as not for the relator. As there was no protest in regard to this ballot, we agree that after the inspectors had failed to find the voter's intent to be for relator, the court in the original proceeding was not empowered to count this vote for the relator, and the order of December 26, 1917, must be affirmed, but without costs.

For the reasons stated in the opinion in 181 Appellate Division, 702, decided herewith, we are of opinion that the Denton challenge was not such a protest as authorized the subsequent orders for a recount and recanvass, and that, therefore, such order of January 7, 1918, must be reversed, with ten dollars costs and disbursements.

JENKS, P. J., RICH, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Order of December 26, 1917, affirmed, without costs. Order of January 7, 1918, reversed, with ten dollars costs and disbursements.